J-S56030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :

                 v.                        :
                                           :

SUPREME DANIEL MAYO,         :
                                         :
             Appellant.       :    No. 1952 MDA 2017

Appeal from the Judgment of Sentence Entered, November 14, 2017,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0000879-2016,
CP-06-CR-0001334-2017, CP-06-CR-0001861-2016,
CP-06-CR-0001904-2017, CP-06-CR-0004195-2016.

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED JANUARY 16, 2019**

Supreme Daniel Mayo appeals from his judgment of sentence entered on multiple convictions.[1]  In this direct appeal, Mayo's counsel filed an application to withdraw as counsel based upon ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981) and its federal predecessor ***Anders***

---

[1] We note that Mayo filed his original notice of appeal in each of the five cases at issue in this appeal as now required by Pa.R.A.P. 341 and ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that the failure to file separate notices of appeal from an order resolving issues on more than one docket requires the appeal to be quashed).  It then appears from the record that he only filed one notice of appeal with all five cases listed after his appeal rights were reinstated upon remand to the trial court.  However, because the refiling of Mayo's notice was on March 20, 2018, prior to the decision in ***Walker*** on June 1, 2018, which only applied to cases prospectively, this appeal may proceed.

***v. California***, 386 U.S. 738 (1967). We conclude that Mayo's counsel complied with the procedural requirements to withdraw. Further, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

On November 14, 2017, Mayo pled guilty in five separate cases on various charges, including hindering apprehension or prosecution,[2] accidents involving damage to attended vehicle or property,[3] driving under the influence of a controlled substance,[4] persons not to possess a firearm,[5] and delivery of a controlled substance.[6] That same day, the trial court sentenced Mayo. The trial court imposed all sentences concurrently, except the sentence for delivery of a controlled substance at docket CP-06-CR-1904-17. The trial court ordered this sentence to run consecutively to his sentence on the firearm possession. In total, the trial court sentenced Mayo to not less than thirty (30) months nor more than ten (10) years of incarceration.

On December 15, 2017, Mayo filed a *pro se* notice of appeal.[7] He did not file either a concise statement or docketing statement. Because of this,

---

[2] 18 Pa.C.S.A. § 5105(a)(1).
[3] 75 Pa.C.S.A. § 3743(a).
[4] 75 Pa.C.S.A. § 3802(d)(2).
[5] 18 Pa.C.S.A. § 6105(a)(1).
[6] 35 P.S. § 780-113(a)(30).
[7] At first glance, Mayo's initial appeal appears to be untimely. However, under the "prisoner mailbox rule", a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox. ***See***

by order dated February 13, 2018, this Court remanded the matter to the trial court to hold a hearing to determine whether Mayo's counsel had abandoned him; we retained jurisdiction. On March 8, 2018, the trial court determined that Mayo's counsel had not abandoned him, and reinstated Mayo's direct appeal rights, giving him thirty (30) in which to file a post-sentence motion. However, Mayo did not file one. Instead, on March 20, 2018, Mayo refiled his notice of appeal. Mayo's counsel filed an ***Anders*** brief, seeking to withdraw from this case on the basis that Mayo's appeal is wholly frivolous.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). To determine whether it is appropriate for counsel to withdraw, we must first consider whether counsel satisfied certain procedural requirements.

In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained what is required to be contained within an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

---

***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Although it was likely timely, we need not determine this given that Mayo's full appeal rights were reinstated subsequently.

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "While the Supreme Court in *Santiago*, set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent". *Daniels*, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must satisfy the following obligations to his or her client:

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). Our review reveals that Mayo's counsel substantially complied with the technical requirements of *Anders* and *Santiago*.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted); *Santiago*, 978 A.2d at 355 n.5. "In light of the constitutional rights at issue, we must give *Anders* a most generous reading and review 'the case' as presented in the entire record with

- 4 -

consideration first of issues raised by counsel." ***Commonwealth v. Dempster***, 187 A.23d 266, 272 (Pa. Super. 2018) (*citing **Anders***, 286 U.S. at 744). "[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Dempster***, 187 A.23d at 272. Thus, we now turn to the substantive requirement of this analysis.

Mayo has raised the following single issue on appeal:

1. Did the sentencing court impose an illegal and unfair sentence, i.e., was the sentence imposed in violation of the sentencing code as it was unreasonable, based upon improper factors, based upon facts other than those presented at the sentencing hearing, and for which insufficient reasons appear on the record?

***Anders*** Brief at 14. Although listed as one issue, Mayo challenges both the legality and discretionary aspects of his sentence.

Mayo first challenges the legality of his sentence.

We review an illegal sentencing claim *de novo* and our scope of review is plenary. ***Commonwealth v. Rodriguez***, 174 A.3d 1130, 1147 (Pa. Super. 2017, *appeal denied*, 186 A.3d 941 (Pa. 2018) (citation omitted). Furthermore, [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. ***Commonwealth v. Boyd***, 941 A.2d 1, 3 (Pa. Super. 2007).

At two of the dockets, CP-06-CR-1904-2017 and CP-06-CR-879-2016, the trial court sentenced Mayo on one count each of delivery of a controlled substance – cocaine. Mayo received sentencea of 15 to 60 months. Under 35 P.S. section 780-113(f)(1.1), an individual may be sentenced up to ten (10) years.

At docket CP-06-CR-1861-2016, the trial court sentenced Mayo to 1 to 12 months' imprisonment on one count of accidents involving damage to attended vehicle or property, a misdemeanor of the third degree. Under 18 Pa.C.S.A. section 106(b)(8), an individual may be sentenced to a term of imprisonment for not more than one (1) year.

At docket CP-06-CR-1334-2017, the trial court sentenced Mayo to 15 to 60 months on one count of persons not to possess firearms, a misdemeanor of the first degree. Under 18 Pa.C.S.A. section 106(b)(6), an individual may be sentenced to a term of imprisonment up to five (5) years.

At docket CP-06-CR-4195-2016, the trial court sentenced Mayo to 72 hours to 6 months for a first offense DUI, an ungraded misdemeanor. Under 72 Pa.C.S.A. section 3803(b)(2), an individual may be sentenced up to six (6) months.

Also at docket CP-06-CR-879-2016, the trial court sentenced Mayo to 6 to 60 months' imprisonment for hindering apprehension or prosecution, a felony of the third degree. Under 18 Pa.C.S.A. section 106(b)(4), an individual may be sentenced to a term of imprisonment up to seven (7) years.

Each of the sentences imposed by the trial court were within the statutory maximum and authorized by statute. Moreover, Mayo does not specify why he considers any of these sentences to be illegal. When an issue is not developed in an appellate brief, it will be deemed waived. *Commonwealth v. A.W. Robl Transport.*, 747 A.2d 400, 405 (Pa. Super. 2000). We, therefore, find no merit to his legality of sentence claim.

Mayo also challenges the discretionary aspects of his sentence. He claims that his sentence was "unfair" because he received a consecutive sentence on the charge of delivery of a controlled substance at docket CP-06-CR-1904-2017, and because the trial court refused to impose a mitigated sentence. *Anders* Brief at 12, 14.

Initially we note that Mayo does not have an automatic right to appeal the discretionary aspects of his sentence. Rather, Mayo must petition this Court for permission to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Thus, in order to reach the merits of a discretionary sentencing issue, we must determine: 1) whether appellant filed a timely notice of appeal, 2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, 3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and 4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Id.*; *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015).

- 7 -

The Commonwealth claims, *inter alia*,[8] that Mayo failed to raise his discretionary sentencing claim in post-sentence motions. Accordingly, he is not entitled to review of the claim that his sentence is "unfair". Commonwealth's Brief at 4. We agree.

Upon remand from this Court for determination of whether counsel had abandoned Mayo, the trial court granted Mayo leave to file a post-sentence motion *nunc pro tunc* within thirty (30) days. However, Mayo did not file a post-sentence motion. He also did not challenge the trial court's discretion at the time of his sentencing hearing. In fact, at the hearing, Mayo acknowledged that the trial court imposed a lower sentence than recommended by the Commonwealth. We, therefore, find that Mayo failed to preserve any issues for appeal regarding the discretionary aspects of his sentence.

For the foregoing reasons, we conclude that the issues raised in counsel's **Anders** brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw.

---

[8] The Commonwealth also argued that Mayo was not entitled to review for failure to include a request to appeal from the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). We note that, although Mayo's brief does not include a Pa.R.A.P. 2119(f) statement, where an **Anders** brief has been filed, this Court has reviewed the discretionary sentencing despite the absence of a Pa.R.A.P. 2119(f) statement. **See Commonwealth v. Zeigler**, 112 A.3d 757, 661 (Pa. Super. 2015).

Moreover, having determined that the issues raised on appeal are wholly frivolous, we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019